Robin ZAHRAN, et al., Plaintiffs,

v.

NATIONAL GUARDIAN LIFE
INSURANCE CO.,
Defendant.

No. 90 C 907.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 25, 1994.

Leigh R. Lasky, Beigel, Schy, Lasky, Rifkind, Goldberg & Fertik, Joan S. Slezak, Office of Gen. Counsel, Aram A. Hartunian, Steven P. Schneck, Futterman & Howard, Chtd., Steven Allen Greenberg, Steven A. Greenberg, Ltd., Michael Henry Wasserman, Chicago, IL, for plaintiffs Robin Zahran and Oak Brook Associates Financial Services Inc.

Randall S. Rapp, Richard L. Cram, Bobby Dean Hines, Jr., Foley & Lardner, Chicago, IL, Robert M. Whitney, Roberta F. Howell, Marta T. Meyers, Foley & Lardner, Madi-

son, WI, for defendant Nat. Guardian Life Ins. Co.

## MEMORANDUM OPINION

GRADY, District Judge.

Before the court is plaintiffs' motion to amend the complaint to add a count charging a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* For the reasons stated in this opinion, the court denies the motion.

## BACKGROUND

This lawsuit was commenced on February 6, 1990. Trial is scheduled for September 12, 1994. On June 6, 1994, plaintiffs filed the instant motion to add a RICO count. Prior to the proposed amendment, the gist of the lawsuit concerned an agreement between plaintiff Robin Zahran and defendant National Guardian Life Insurance Company ("NGL") that Zahran, who is the sole shareholder and president of plaintiff Oakbrook Associates Financial Services, Inc., would establish a general insurance agency to sell NGL insurance policies. Among the provisions of the agreement was a termination clause stating: "This agreement may be ended by either party at any time upon written notice to the other one." One year year later, NGL terminated the agreement after giving written notice. The initial complaint in this case alleged breach of contract, promissory estoppel, commercial disparagement, interference with contractual relations and interference with prospective business advantage. Plaintiffs, in moving to add a RICO count, have opted not to support the motion with a memorandum of law. In the motion, they assert that the proposed amendment "is based upon information and evidence discovered in the matter to date, with notice to all parties of record." Motion to Amend Complaint.

Upon receiving notice of the proposed amendment to the complaint, defendant filed a memorandum of law in opposition to the amendment. Defendant contends that the amendment should be denied as untimely, and that the amendment would be unlikely to withstand a motion for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ANALYSIS

 The court agrees with defendant that this motion to amend the complaint should be denied as untimely, coming as it does only three months before trial in a case that is now more than four years old. Rule 15(a) provides that parties may amend their pleadings with leave of court, with such leave to be given freely when justice so requires. But a district court has the discretion to deny leave to amend when the circumstances indicate undue delay. *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1298 (7th Cir. 1993) (citing *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In *Meyer,* the complaint was filed in September 1988, and the amendments at issue were not filed until October 1990. *Meyer,* 10 F.3d at 1298. The Seventh Circuit affirmed the district court's refusal to permit the amendments, noting that they could have been pled at any time after the filing of the complaint, and that if the amendments were allowed, the other party would be put to additional discovery and thus prejudiced. *Id.*

The reasoning of *Meyer* is apt to this case. Defendant, in its memorandum, contends that it would be put to additional discovery in its defense of the RICO claim, which is fundamentally different from the state law claims that have been at issue so far in this case. Plaintiffs have had an opportunity to rebut this argument, but they have not chosen to put forth any argument that defendant would not be prejudiced or that some specific reason exists to justify the delay in proposing the amendment. Plaintiffs' statement that the amendment "is based upon information and evidence discovered in the matter to date" does not suffice.

 In addition, the court has significant doubts as to whether the amendment itself sufficiently meets RICO's "pattern" or "continuity" requirement so as to survive a Rule 12(b)(6) motion to dismiss. In general, to plead a violation of RICO, a complaint must allege the defendant's conduct of an enterprise through a pattern of racketeering activity. *McDonald v. Schencker,* 18 F.3d 491, 494 (7th Cir.1994). A pattern of racketeer-

ing activity consists of at least two predicate racketeering acts committed within a 10–year period, with the acts being indictable under any of several federal and state laws, including mail fraud and wire fraud. *Id.* But RICO plaintiffs often overlook the fact that the two predicate acts are necessary but not sufficient to allege a RICO violation, because RICO's "pattern" requirement means that the predicate acts must be related and must "amount to, or ... otherwise constitute a threat of, *continuing* racketeering activity." *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 240, 109 S.Ct. 2893, 2901, 106 L.Ed.2d 195 (1989) (emphasis in original).

■ Courts have held that the predicate acts may show continuity in either a "closed-ended" or "open-ended" manner. *Vicom, Inc. v. Harbridge Merchant Serv., Inc.,* 20 F.3d 771, 779–83 (7th Cir.1994). Without delving into detail, the court notes that the predicate mail and wire fraud acts alleged in the proposed amendment to the complaint span a period of at most five months, and which appears far short of what would be needed to establish closed-ended continuity under the decisions of our circuit. *See id.* at 780–81. To establish open-ended continuity, a plaintiff must show that the nature of the predicate acts themselves establishes a threat of racketeering activity. *See Northwestern Bell,* 492 U.S. at 242, 109 S.Ct. at 2902. Even if the predicates span a relatively short period of time, they may establish such a continuing threat if (1) a specific threat of repetition exists; (2) the predicate acts are a regular way of conducting the defendant's business; or (3) the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes. *Vicom,* at 782. Only the second of these avenues would appear to be open to the proposed RICO amendment in this case, and the nature of these acts do not appear to meet the test, especially given the Seventh Circuit's oft-stated disdain for RICO complaints that rely exclusively on predicate acts of mail and wire fraud. *Id.* at 781; *North Am. Processing Co. v. Crown Meat Co.,* No. 93 C 3041, 1994 WL 280082, at *3–5 (N.D.Ill. June 16, 1994) (Grady, J.).

The apparent futility of plaintiffs' proposed amendment to the complaint lends support to this court's conclusion that the amendment would not be in the interest of justice and should not be allowed.

## CONCLUSION

For the reasons stated in this opinion, plaintiffs' motion for leave to amend the complaint by adding a RICO claim is denied.